■ In the Matter of THOMAS CHRISTOPHER, Petitioner, v ROGER PHILLIPS, as Orange County Sheriff, et al., Respondents. —Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondent Orange County Sheriff which terminated petitioner's employment as a Deputy Sheriff.

Petitioner was employed by respondent Orange County as Deputy Sheriff-Captain with responsibility for supervising the

night shift at the Orange County Jail. On November 22, 1987, during the night shift, the temperature in the jail became excessive and inmates refused to allow their cell doors to close and erected a barricade. Petitioner was in command during much of the disturbance, during which broom handles were distributed to guards and a hose was used to douse small fires and keep the inmates controlled. Eventually order was restored but not before significant water and other damage occurred.

The State Commission of Correction (hereinafter Commission) investigated the disturbance and concluded that petitioner had utilized poor judgment and did not respond properly in the incident. Accordingly, the Commission recommended that disciplinary charges be brought against petitioner and Undersheriff Joseph Remer, who had come to the jail during the disturbance to provide additional supervision. By notice dated February 19, 1988, petitioner was terminated from his employment but given the opportunity to contest four charges with essentially eight specifications of misconduct. At the lengthy hearing, at which an employee of the county acted as Hearing Officer, petitioner, his supervisors, guards and others testified. The Hearing Officer sustained six of the eight specifications but made no recommendation concerning the appropriate penalty. Respondent Orange County Sheriff sustained six specifications relating to all four charges and terminated petitioner's employment. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination. Supreme Court, finding an issue of substantial evidence, transferred the proceeding to the Second Department (see, CPLR 7804 [g]), which has transferred it to this court (see, NY Const, art VI, § 4 [g]).

Initially, we are of the view that the protections of Civil Service Law § 75 are not applicable to petitioner. It is settled that persons who do not fall within the classes enumerated in Civil Service Law § 75 are not entitled to the protections of that law (see, e.g., 19 NY Jur 2d, Civil Servants and Other Public Officers and Employees, § 379, at 238). The submissions by respondents, uncontested by petitioner, make clear that petitioner was not a member of any civil service bargaining unit. Further, the notice dated February 19, 1988 did not specify that any action was being taken pursuant to the Civil Service Law. In the absence of any other proof establishing petitioner's right to protection under Civil Service Law § 75, we conclude that petitioner cannot claim that the hearing was mandated by that statutory provision.

If a hearing is not required by law, the substantial evidence standard of review does not apply and the appropriate standard upon review is whether the determination is arbitrary or capricious (see, *Matter of Colton v Berman,* 21 NY2d 322, 329; 5 NY Jur 2d, Article 78 and Related Proceedings, § 31, at 393). That a hearing was held even when not required by law does not alter this applicable standard (see, *Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741; *Matter of City of Rome v New York State Health Dept.,* 65 AD2d 220, 224, *lv denied* 46 NY2d 713). Since CPLR article 78 proceedings should be transferred to the Appellate Division only when substantial evidence questions are properly raised (CPLR 7804 [g]), it appears that the instant proceeding was transferred improperly by Supreme Court (see, *Matter of Save the Pine Bush v Planning Bd., supra*). Nonetheless, we shall retain jurisdiction and resolve the case in the interest of judicial economy (see, *Matter of McGraw-Hill, Inc. v State Tax Commn.,* 146 AD2d 371, 374, n 3, *affd* 75 NY2d 852).

Turning to the substantive issues, we conclude that the Sheriff's determination to sustain the six specifications and terminate petitioner's employment was rational and not arbitrary or capricious. Our review of the record reveals some conflicting evidence which the Sheriff could properly resolve (see, e.g., *Matter of Tru-Temp Indus. Insulation Co. v Hartnett,* 155 AD2d 820). As to the specifications upheld, there was evidence that (1) medical staff was available on a 24-hour basis but was not called, although inmate medical examinations are appropriate whenever violence occurs, (2) proper riot gear was available but not used, (3) inmate property and evidence were improperly identified and preserved, (4) dry inmate clothing was available but not distributed despite the wet condition of inmates' clothing, (5) following the disturbance, petitioner failed to ensure that the jail's temperature was properly maintained, and (6) petitioner failed to open a garage door to provide ventilation to the jail despite an inmate request and a direction from the then-acting correctional administrator for such action. From this evidence, the Sheriff could rationally conclude that petitioner failed to perform his duties in a satisfactory manner, did not follow appropriate orders or procedures that might have avoided the disturbance and could not be called upon to act properly in his sensitive supervisory capacity. Accordingly, we cannot call the determination, including the sanction, irrational, arbitrary or capricious.

As to petitioner's claims that the hearing was unfair, our review of the record reveals no proof of bias or intimidation

by the Hearing Officer which could support a finding of unfairness *(see, Matter of Flores v New York State Educ. Dept.,* 146 AD2d 881). Moreover, contrary to petitioner's claims, unfairness cannot be tested by the procedural requirements of Civil Service Law § 75 since it is not applicable to petitioner. Undersheriff Remer's lesser penalty for his conduct during the disturbance can be rationally explained by his different duties, which do not generally place him in the sensitive supervisory position held by petitioner. Finally, since petitioner has no rights under Civil Service Law § 75, his contention that he is entitled to back pay thereunder is without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.