[645 NYS2d 846]

In the Matter of GLYNE LEON HARPER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 22, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C.Y. Cheung* of counsel), for petitioner.

*Meyer, Suozzi, English & Klein,* Mineola *(Brian Michael Seltzer* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained only Charge One. The Grievance Committee moves to confirm the report of the Special Referee insofar as it sustained Charge One and to revoke the respondent's admission pursuant to Judiciary Law § 90 (2), or to impose such discipline as the Court deems appropriate. The respondent cross-moves to dismiss, as not sustained, Charge One of the petition, and to confirm the report to the extent that Charges Two and Three were not sustained, and to dismiss those charges.

Charge One alleged that the respondent deliberately failed to disclose a material fact requested in his application for admission to the Bar. In August 1992 the respondent enrolled as a full-time student in an L.L.M. program at Pace University School of Law which is normally completed in two consecutive semesters. In January 1993 the respondent enrolled in an energy law class taught by Professor Slye at Pace University School of Law. To fulfill a class requirement, the respondent elected to write a paper in lieu of an examination. In May 1993 the respondent submitted, as his own work, an article entitled "Regulatory Takings and Confiscatory Utility Rates" to Professor Slye. The aforesaid article had been written by Richard Goldsmith, Professor of Law at Syracuse University College of Law, and published in the Energy Law Journal under the title "Utility Rates and Takings".

On or about June 18, 1993, the Pace University School of Law Honor Board notified the respondent that it had formed a Committee to investigate a "probable cause" determination of academic dishonesty involving the respondent's submission to Professor Slye of a plagiarized article. Between June 1993 and November 1993, the Pace University School of Law Honor Board attempted, without success, to obtain the respondent's appearance at a hearing. In or about June 1994, the respondent entered into a Stipulation of Disposition with the Investigating Committee of the Pace University School of Law Honor Board. In the aforesaid stipulation, the respondent admitted that he had violated the Honor Code of Pace University School of Law by plagiarizing Professor Goldsmith's article and that the respondent's departure from the Honor Code precluded him from reentry into the L.L.M. program. The respondent was given the grade of "F" for the energy law class.

On or about May 18, 1993, the respondent was notified by the New York State Board of Law Examiners that he had

passed the February 1993 Bar Examination. On or about July 18, 1993, the respondent submitted an application for admission to the New York State Bar to the Appellate Division, Second Judicial Department, Committees on Character and Fitness of Applicants for Admissions to the Bar. The truth of the application was sworn to by the respondent on or about July 15, 1993.

Question 7 of the application contained the following question: "List law schools attended, giving month and year of the beginning and ending of attendance at each and degree received. If you did not receive a degree, state the reason." In his response to question 7, the respondent failed to disclose the fact that he had attended Pace University School of Law and that he had failed to receive a degree. Based upon his submission of the aforesaid application, the respondent was admitted to practice as an attorney and counselor-at-law by the Appellate Division, Second Judicial Department, on November 30, 1993.

By reason of the foregoing, the respondent is subject to discipline as set forth under Code of Professional Responsibility DR 1-101 (A) (22 NYCRR 1200.2 [a]). By reason of the foregoing, the Appellate Division is authorized to revoke the respondent's admission, pursuant to Judiciary Law § 90 (2).

Based on the evidence adduced, the Special Referee properly sustained Charge One and the Grievance Committee's motion is granted to that extent. The respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have considered the respondent's expressed remorse, the isolated nature of his misconduct, and the uniformly high regard in which he is held by teachers, colleagues, and clients.

Under the circumstances, the respondent is censured for his misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion is granted to the extent that Charge One is sustained and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted only to the extent that the Special Referee's report is confirmed to the extent that charges Two and Three were not sustained,

and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Glyne Leon Harper, is hereby censured for his misconduct.