■ In the Matter of RENSSELAER SOCIETY OF ENGINEERS et al., Petitioners, v RENSSELAER POLYTECHNIC INSTITUTE et al., Respondents. [689 NYS2d 292] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent Rensselaer Polytechnic Institute placing petitioner Rensselaer Society of Engineers on disciplinary suspension.

Petitioner Rensselaer Society of Engineers (hereinafter RSE) is a fraternity at respondent Rensselaer Polytechnic Institute (hereinafter RPI), a private university in the City of Troy, Rensselaer County. RSE was charged with several violations of RPI's "Grounds for Disciplinary Action" based upon a September 5, 1997 "rush" event at its fraternity house featuring exotic dancers and live sex acts performed in front of some 100 student attendees. RPI's student handbook, in a section entitled "The Rensselaer Judicial System", sets forth a detailed, multistep procedure for the adjudication of disciplinary matters. Initially, an informal, fact-finding investigation is conducted by the office of the Dean of Students, culminating in a determination whether disciplinary action is warranted and, if so, the appropriate penalty. A student or student group aggrieved by an adverse decision is then afforded review at three successive levels.

Pursuant to this procedure, RPI's Assistant Dean of Students, respondent Norris A. Pearson, investigated the charges against RSE. From interviews with RSE's President and other students, Pearson determined that the "rush event", which RSE had advertised in flyers and reported to the Dean's office as a clambake, was promoted by RSE members in RPI's freshmen buildings as featuring "lesbian strippers". The clambake was followed by an audience-interactive strip show with dancers hired by RSE. At the conclusion of the performance, the completely nude strippers performed and/or simulated oral sex with one another. Members of the audience were invited to pay $20 to become "honorary lesbians", entitling them to individualized attention from the strippers. Based upon his investigation, Pearson concluded that RSE's conduct in hosting the "lesbian strippers" clambake violated four separate RPI

disciplinary rules, and he placed RSE on disciplinary suspension from December 12, 1997 to January 1, 1999 and imposed specific conditions of return.

RSE appealed Pearson's decision to the Greek Judicial Board, which sustained his findings as to three of the four charges and upheld the penalty of suspension, but modified certain conditions of its return. Next, RSE appealed to RPI's Review Board, which reinstated Pearson's original findings and penalty. Upon RSE's further appeal to respondent President of RPI, the determination of the Review Board was upheld and RSE's suspension was made immediately effective. Despite its immediate suspension, RSE continued to initiate pledges, which RPI determined to be a violation of the terms of its suspension and extended the term thereof to June 2003. Having exhausted every level of internal review, petitioners initiated this CPLR article 78 proceeding challenging the determination and penalty on a wide-ranging number of grounds.

Two preliminary observations are in order. First, we note that Supreme Court improperly concluded that the petition raised a question of substantial evidence mandating transfer to this Court pursuant to CPLR 7804 (g). As the hearing held by the Greek Judicial Board was not required by law, the standard of review is whether the challenged determination is arbitrary or capricious (*see,* CPLR 7803 [3]; *Matter of Colton v Berman,* 21 NY2d 322, 329; *Matter of Bevacqua v Sobol,* 176 AD2d 1; *Matter of Christopher v Phillips,* 160 AD2d 1165, *lv denied* 76 NY2d 706; *see also, Matter of Mu Ch. of Delta Kappa Epsilon v Colgate Univ.,* 176 AD2d 11). Nonetheless, we retain jurisdiction in the interest of judicial economy (*Matter of Christopher v Phillips, supra*). Second, that portion of the petition challenging extension of RSE's suspension to June 2003 is not ripe for our review since RSE has not yet exhausted its administrative remedies with respect to this enhanced penalty (*see, Matter of Lamphron v State of N. Y. Thruway Auth.,* 239 AD2d 860).

Turning to the merits, petitioners discursively contend that RSE did not violate any RPI disciplinary rules and that the adjudicatory proceedings were tainted by bias and unfairness. These contentions are, in the main, misplaced within the appropriate context of our review. Judicial scrutiny of the determination of disciplinary matters between a university and its students, or student organizations, is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious

(*see, Tedeschi v Wagner Coll.*, 49 NY2d 652; *Matter of Mu Ch. of Delta Kappa Epsilon v Colgate Univ.*, *supra*; *see also*, *Matter of Harris v Trustees of Columbia Univ.*, 62 NY2d 956, *revg on dissenting opn below* 98 AD2d 58; *Matter of Galiani v Hofstra Univ.*, 118 AD2d 572). Further, the relationship between a private university and its students and student organizations is essentially a private one such that, absent some showing of State involvement, their disciplinary proceedings do not implicate the "full panoply of due process guarantees" (*Matter of Mu Ch. of Delta Kappa Epsilon v Colgate Univ.*, *supra*, at 13).

Based upon our review of the record, we are satisfied that RPI substantially followed its detailed grievance procedure in rendering and reviewing the challenged determinations. RSE was given notice of the charges, opportunities to be heard, the right to confront and cross-examine witnesses, and three levels of administrative review following the initial determination. More than adequate evidence supports the finding that RSE's conduct violated the cited disciplinary rules.

Contrary to petitioners' contention, the penalty of suspension is "neither disproportionate to the offense * * * nor shocking to one's sense of fairness" (*Matter of Beilis v Albany Med. Coll.*, 136 AD2d 42, 45) particularly since, at the time of the event in question, RSE was already in its third successive year of disciplinary probation, imposed as a result of prior disciplinary rule violations, and thus forewarned by RPI's handbook that "further disciplinary action may result in either suspension or expulsion".

Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.