■ In the Matter of METROPOLITAN TAXICAB BOARD OF TRADE, INC., Petitioner, v JOSEPH H. BOARDMAN, as Commissioner of Transportation of the State of New York, et al., Respondents. [703 NYS2d 839] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Transportation which granted an application by respondent Shuttle Associates, L. L. C. for a permanent certificate of public convenience and necessity pursuant to Transportation Law § 154.

In August 1996, the Port Authority of New York and New Jersey issued a request for proposals to promote commercial privileged shared-ride ground transportation service to the public between John F. Kennedy International and La Guardia Airports and points in the surrounding metropolitan area. Respondent Shuttle Associates, L. L. C. (hereinafter Super Shuttle) responded and proposed to provide door-to-door service between all points in Manhattan, including residences, businesses and hotels, and the aforementioned airports, using 40 seven-passenger vans. Following its review of the proposal, the Port Authority notified Super Shuttle that it had initially qualified to operate as a privileged shared-ride provider. Super Shuttle then filed an application with respondent Department of Transportation (hereinafter DOT) for the necessary intrastate authority to transport passengers in common carriage.

Petitioner, a trade association representing 18 of the larger fleets of yellow medallion taxicabs in New York City, protested Super Shuttle's application. Carey Transportation, which provides express bus service between Manhattan and the airports, and Gray Line Air Shuttle, Inc. also protested the application. The matter was assigned to an Administrative Law Judge (hereinafter ALJ) and a hearing was conducted in August 1997. The ALJ thereafter concluded that Super Shuttle

had satisfied the provisions of Transportation Law § 154 and recommended that its application be granted. Respondent Commissioner of Transportation adopted and approved the ALJ's recommendations.

Following the denial of petitioner's application for reconsideration or rehearing, petitioner commenced this CPLR article 78 proceeding to annul the determination of DOT granting Super Shuttle's application for a permanent certificate of public convenience and necessity pursuant to Transportation Law § 154. Super Shuttle moved to dismiss the petition and Gray Line moved to intervene. By order entered January 12, 1999, Supreme Court denied Super Shuttle's motion to dismiss, granted Gray Line's motion to intervene and transferred the proceeding to this Court.

As a threshold matter, we note that because no hearing was required to be conducted as a precondition to issuance of a permanent certificate of public convenience and necessity in this case (*see*, Transportation Law § 154 [1], [2], [7]), the appropriate standard of review is whether the agency's determination is arbitrary and capricious (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Christopher v Phillips*, 160 AD2d 1165, 1167, *lv denied* 76 NY2d 706; *Matter of Incorporated Vil. of Val. Stream v State of N. Y. Pub. Serv. Commn.*, 107 AD2d 856, 857). No substantial evidence question having been raised, the proceeding was improperly transferred to this Court pursuant to CPLR 7804 (g). We will retain jurisdiction and determine the merits of the proceeding, however, in the interest of judicial economy (*see, Matter of Christopher v Phillips, supra*, at 1167).

Now addressing the merits, we first reject the contention that the record lacks a rational basis for a finding that the proposed service "will be required by the present or future public convenience and necessity" (Transportation Law § 154 [1] [b]). Implicit in the contention is the erroneous premise that the transportation needs of the traveling public between Manhattan and the New York City airports are already more than adequately served. In fact, the evidence adduced at the hearing revealed that none of the existing transportation providers offers the unique kind of door-to-door shared-ride residential and business pick-up service that Super Shuttle proposes to offer. Although Gray Line provides shared-ride shuttle van service to the airports, it does not offer door-to-door service to businesses and residences; rather, its patrons must be picked up or dropped off at one of its designated hotels in Manhattan. In addition, the record reveals that Gray Line uses an aging fleet of 11-passenger and 21-passenger vehicles that

are not conducive to individualized customer service. At the opposite end of the spectrum, medallion taxicabs offer highly individualized door-to-door service, but their fares to and from the airport are much higher than shared-ride fares. In our view, the record provides a rational basis for DOT's finding that there existed a public necessity for Super Shuttle's proposed service, and Super Shuttle's application for a permanent certificate of public convenience and necessity pursuant to Transportation Law § 154 was properly granted.

We are also unpersuaded by the contention that DOT gave no weight to the effect that the granting of Super Shuttle's application would have on petitioner and the other protestants, as required by Transportation Law § 137. The evidence revealed that, in addition to the unique shared-ride service noted above, Super Shuttle plans to operate 24 hours a day, 365 days per year, and its vans can accommodate physically disabled persons. In addition, each van will contain a communication system including two-way radios, a display screen to communicate orders and a satellite-tracking ground-positioning system which will permit the dispatch office to locate them at all times. Moreover, the evidence shows that it is more fuel efficient, traffic efficient and environmentally efficient to travel in a shared-ride vehicle than in a taxicab. We conclude that, notwithstanding petitioner's conclusory assertions that granting Super Shuttle's application will result in destructive competition practices, the evidence supports a finding that Super Shuttle's proposed service promotes the policies embodied in Transportation Law § 137.

Finally, we reject the contention that the ALJ improperly took official notice of posthearing events without advance notice to the parties as required by State Administrative Procedure Act § 306 (4). Notably, State Administrative Procedure Act article 3 applies only to adjudicatory proceedings which are "required by law to be made only on a record and after an opportunity for a hearing" (State Administrative Procedure Act § 102 [3]). As previously indicated, the hearing in this matter was discretionary in nature and, accordingly, the procedural requirements of State Administrative Procedure Act § 306 (4) are not triggered (*see, Matter of Mary M. v Clark*, 100 AD2d 41, 43; *Matter of Landesman v Board of Regents*, 94 AD2d 827, 828-829).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.