FOURTH DEPARTMENT, JANUARY, 2006

(January 18, 2006)

■ In the Matter of SCOTT McCONNELL, Appellant, v LE MOYNE COLLEGE, Respondent. [808 NYS2d 860]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered October 6, 2005 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the petition in part and as modified the judgment is affirmed without costs, and respondent is directed to reinstate petitioner as a matriculated student in the Master of Science for Teachers program forthwith.

Memorandum: While still an undergraduate student, petitioner applied for admission to the Master of Science for Teachers program (Program) at respondent, Le Moyne College (College). By letter dated March 25, 2004 (hereafter, conditional acceptance letter), the Interim Chair of the College's Education Department for the College wrote to petitioner to inform him of his "conditional acceptance as a student in the [Program]." The letter to petitioner stated in pertinent part that, "[u]pon earning a grade of 'B' or higher in your first four courses, and upon completion of all admission requirements and/or course deficiencies, your status will change to full matriculation."

On January 13, 2005, petitioner received a letter from Dr. Cathy Leogrande, the Chair of the Education Department and Director of the Graduate Education Program. Leogrande wrote that she had reviewed the grades earned by petitioner thus far in the Program and had discussed his work with his professors. Based on her "grave concerns regarding the mismatch between [petitioner's] personal beliefs regarding teaching and learning and the [Program's] goals," Leogrande did not believe that petitioner should continue in the Program. Therefore, petitioner was not allowed to register for additional courses, and his registration for the spring 2005 semester was withdrawn.

Petitioner originally commenced a hybrid action including a federal cause of action. The matter was transferred to federal court, where the federal cause of action was dismissed for failure to state a cause of action, and the state causes of action were dismissed without prejudice. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, inter alia, a judgment immediately reinstating him to the Program and a preliminary injunction. Supreme Court denied the "motion" for a preliminary injunction and dismissed the petition, and this appeal by petitioner ensued.

Petitioner contends that, once he met the conditions set forth in the letter of March 25, 2004, he automatically became a fully matriculated student who could not be dismissed from the Program without the due process procedures set forth in the College's rules and regulations. The College contends that petitioner never became a fully matriculated student inasmuch as conditionally matriculated students are subject to a final determination to be made following their first semester. The College further contends that petitioner did not meet all of the admission requirements because his personal goals did not match those of the Program, as required by the College's Catalog (Catalog).

We conclude that petitioner met all of the admission require-

ments set forth in the Catalog and the conditional acceptance letter. According to that letter, "upon completion of all admission requirements and/or course deficiencies," petitioner's status would change to full matriculation. Nothing in the letter indicated that petitioner would be subject to subsequent review, and nothing in the Catalog or the College Handbook indicated that a subsequent, subjective review of petitioner's personal goals would take place before a final decision was made.

The Catalog lists five criteria for admission:

(1) Completion of a baccalaureate degree from an accredited institution with a B average in the major field of study and a minimum grade-point average (GPA) of 3.0. If conditionally accepted, candidates with less than a 3.0 GPA must achieve at least a B in each of their courses prior to formal matriculation;

(2) Graduate Record Exam General Test (GRE) score required, with no specification for a minimum score;

(3) Letters of recommendation stating that the student is capable of graduate study;

(4) Candidate's statement of purpose; and

(5) Evaluation of transfer credit, if applicable.

The fifth criterion was not applicable to petitioner and, although petitioner had less than a 3.0 GPA, there is no dispute that, as a conditionally accepted student, he received grades of B+ or higher in his first five classes. Petitioner therefore met the first criterion for full matriculation as stated in the Catalog and his conditional acceptance letter. The College does not contend that petitioner failed to submit a GRE score, letters of recommendation or a statement of purpose. Thus, it appears from the record before us that petitioner met all the criteria for admission as set forth in the Catalog and the conditional acceptance letter.

Although the Catalog states that the College's programs are available to those "whose personal goals match the selected program," neither the Catalog nor the conditional acceptance letter states that personal goals are a criterion for admission. Thus, petitioner fulfilled the conditions outlined in the conditional acceptance letter and, according to the terms of that letter, petitioner's status changed automatically once those conditions were met. We thus conclude that petitioner was a fully matriculated student at the College on January 13, 2005, when Leogrande dismissed him from the Program, and he was entitled to the due process procedures set forth in the College's rules and regulations before he could properly be dismissed.

"[W]hen a university has adopted a rule or guideline establish-

ing the procedure to be followed in relation to suspension or expulsion[,] that procedure must be substantially observed" (*Tedeschi v Wagner Coll.*, 49 NY2d 652, 660 [1980]) and where, as here, that procedure was not substantially observed the petition should be granted (*see id.*; *see generally Matter of Berkeley-Caines v St. John Fisher Coll.*, 11 AD3d 895, 895-896 [2004]; *Matter of Bennett v Wells Coll.* [appeal No. 1], 219 AD2d 352, 356 [1996]). We therefore modify the judgment accordingly, and we direct the College to reinstate petitioner to the Program forthwith. Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.