In the Matter of ALISA WARNER, Appellant, v ELMIRA COLLEGE, Respondent. [873 NYS2d 381]—

Kane, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered June 12, 2008 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent that expelled petitioner as a full-time student.

After receiving a confidential tip that drugs, specifically cocaine, were present in petitioner's dorm room, respondent's director of residential life and other staff conducted a search of

the room. They discovered a white powdery substance under a computer on petitioner's desk. Respondent's director of campus security conducted a field test of the substance, apparently obtaining a positive result for cocaine. Following a hearing, respondent's Discipline Committee found that petitioner violated respondent's drug policy and should be expelled from school. Respondent's president denied petitioner's administrative appeal. Petitioner commenced this proceeding seeking to annul respondent's determination. Supreme Court dismissed the petition, prompting petitioner's appeal.

Respondent's decision was arbitrary and capricious. When reviewing a private university's disciplinary determinations concerning its students, where a hearing is not required by law, the court must determine "whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious" (*Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993 [1999]; *see Matter of Basile v Albany Coll. of Pharm. of Union Univ.*, 279 AD2d 770, 771 [2001], *lv denied* 96 NY2d 708 [2001]; *Matter of Mu Ch. of Delta Kappa Epsilon v Colgate Univ.*, 176 AD2d 11, 14 [1992]). The court must then review whether the university's determination is rationally based upon the evidence; otherwise the determination is arbitrary and capricious (*see Matter of Basile v Albany Coll. of Pharm. of Union Univ.*, 279 AD2d at 771). While respondent adhered to its written rules, its determination was arbitrary and capricious because the determination was not rationally based upon, and was contradicted by, the evidence.

The main question was whether the substance found in petitioner's dorm room was cocaine. At the hearing, petitioner provided documents indicating that a positive test for cocaine has three steps, with the second step producing a pink color and the third step ending in a pink over blue color sequence. Pink alone is not presumptively positive for cocaine. Respondent's dean of student life, who presided over the hearing, submitted an affidavit stating that petitioner "did not present any evidence to show that these [color] patterns were not seen in this particular field test." Yet the testing form submitted by respondent noted that the test was positive for cocaine, but listed the color as pink. The security director who conducted the test did not testify, making it unclear whether he failed to properly complete the form with the full color sequence or whether he incorrectly believed that pink was a positive result. Considering the explanatory documents submitted by petitioner, it was

arbitrary and capricious for the Discipline Committee to rely on the ambiguous testing form as proof that petitioner possessed cocaine. As there was no other evidence of drug possession, respondent's determination must be annulled.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.