■ In the Matter of APRIL DEQUITO, Appellant, v THE NEW SCHOOL FOR GENERAL STUDIES, Respondent. [890 NYS2d 56]—

Contrary to petitioner's contention, the policy of expelling a student for plagiarizing at any stage of her Master's thesis is not arbitrary, capricious or irrational. There is no indication that respondent's determination was made in bad faith as the result of discrimination based on petitioner's national origin. Since there is no issue of fact with respect to that issue, a hearing was not required (*Matter of Feigman v Klepak*, 62 AD2d 816, 819 [1978]; cf. CPLR 7804 [h]). Given that petitioner was repeatedly advised to remove the plagiarized portions of her thesis from her various drafts, we do not find the penalty of expulsion to be shocking to one's sense of fairness.

The record indicates that respondent substantially complied with its procedures for suspending and expelling a student on the grounds of plagiarism (*see Matter of Trahms v Trustees of Columbia Univ. in City of N.Y.*, 245 AD2d 124, 125 [1997]). Petitioner received adequate notice of the ad hoc committee's hearing, as well as a meaningful opportunity to be heard at the appeals committee meeting. There is no indication in the record that respondent's policies prohibited the professor who reported the plagiarism from serving on the ad hoc committee, or the associate dean of academic services from serving on both the ad hoc and appeals committees. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.