In the Matter of Marita Hyman, Appellant, v Cornell University, Respondent. [918 NYS2d 226]—

Mercure, J.

Petitioner, a graduate student at respondent, exchanged a series of e-mails with senior professor Davydd Greenwood until she suggested that they have a sexual affair, causing him to request that she no longer contact him. Petitioner nevertheless continued to send e-mails to Greenwood. In November 2004, Greenwood indicated that he would take formal action against petitioner if she persisted in communicating with him, and petitioner agreed to cease any further communication. She adhered to that agreement until November 2006 when she copied Greenwood on an e-mail to respondent's president stating that her "institutional rights" had been repeatedly violated by the faculty of the Anthropology Department.

Greenwood then instituted proceedings against petitioner, and ultimately filed a complaint accusing her of harassment in violation of respondent's Code of Conduct.* Petitioner, in turn, filed a complaint against Greenwood, accusing him of sexual harassment and retaliation. Petitioner's complaint was dismissed as lacking in merit and, following a hearing, the University Hearing Board determined that petitioner harassed Greenwood. The Hearing Board issued a written reprimand and a no-contact order, which was affirmed on appeal with a minor modification. Supreme Court dismissed the petition in this ensuing CPLR article 78 proceeding and, upon petitioner's appeal, we now affirm.

It is well settled that in reviewing a university's disciplinary determinations, "court[s] must determine 'whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings' " (*Matter of Warner v Elmira Coll.*, 59 AD3d 909, 910 [2009], quoting *Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993 [1999]; *see Tedeschi v Wagner Coll.*, 49 NY2d 652, 660 [1980]). When a university has not substantially complied with its own guidelines or its determination is not rationally based upon the evidence, the determination will be annulled as arbitrary and capricious (*see Matter of Warner v Elmira Coll.*, 59 AD3d at 910; *Matter of Basile v Albany Coll. of Pharm. of Union Univ.*, 279 AD2d 770, 771 [2001], *lv denied* 96 NY2d 708 [2001]). Here, contrary to petitioner's arguments, there is no indication that respondent deviated from its procedures, and its determination is amply supported by the evidence.

Petitioner's numerous procedural challenges—that the Hearing Board Chair abused his discretion in overruling her objections, and that respondent, among other things, did not give her written notice of the charges against her, unduly delayed the proceedings, prevented her from calling witnesses on her own behalf, and failed to properly investigate the complaint that she filed against Greenwood—are unsupported by the record. We reject petitioner's challenge to respondent's interpretation of its Code of Conduct as requiring it to provide petitioner with only those written statements generated in the course of the investigation, and permitting it to consult a member of respondent's Office of University Counsel. That interpretation is neither unreasonable nor irrational (*see Matter of Johnson v Joy*, 48 NY2d 689, 691 [1979]; *Matter of Posada v New York*

---

* Respondent's Code of Conduct makes it a violation "[t]o intentionally harass another person by . . . acting toward[ ] that person in a manner [that] is . . . sever[e]ly annoying . . . and beyond the scope of free speech."

*State Dept. of Health*, 75 AD3d 880, 882-883 [2010], *lv denied* 15 NY3d 712 [2010]). Finally, the documentary evidence submitted to the Hearing Board provided clear and convincing evidence—the standard specified in the Code of Conduct—to support its determination.

Petitioner's remaining arguments are contradicted by the record.

Spain, Malone Jr. and Stein, JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is affirmed, without costs.