■ In the Matter of AKIVA KATZ, Appellant, v NEW YORK UNIVERSITY, Respondent. [943 NYS2d 518]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered November 16, 2011, which denied a petition pursuant to article 78 to annul a determination by respondent (New York University [NYU]), dated on or about October 22, 2010, directing that petitioner receive an "F" grade in General Physics I and withdraw from the course, and dismissed the proceeding, unanimously affirmed, without costs.

The court properly found that NYU's disciplinary determination was based on a rational interpretation of the relevant evidence and substantially adhered to its published administrative rules and procedures (*see generally Matter of Katz v Board of Regents of the Univ. of the State of N.Y.*, 85 AD3d 1277 [2011], *lv denied* 17 NY3d 716 [2011]; *see also Matter of Dequito v New School for Gen. Studies*, 68 AD3d 559 [2009]). NYU's Academic Integrity Policy (AIP) for its College of Arts and Sciences expressly provided that all outside materials used in laboratory reports be accurately and completely acknowledged, and that any determination as to plagiarism would be based on fact, not upon a student's intention. As such, given the documentary evidence supporting NYU's determination, petitioner's argument, that he had no intention to plagiarize and that he only sought to rely upon prior student laboratory reports as guidance to properly draft a laboratory report, is unavailing. The AIP also explicitly provided that if any student had doubts as to the requirements for acknowledging outside sources when drafting laboratory reports, the student was to confer with his or her professor on the issue, which petitioner did not do.

Finally, the determination to assign petitioner an "F" as a grade, as well as to require his withdrawal from the course, was within the parameters of permissible discipline authorized by the AIP, and such discipline was not shocking to one's sense of fairness under the circumstances. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Freedman, JJ. **[Prior Case History: 2011 NY Slip Op 32999(U).]**