In the Matter of OMOIKE IDAHOSA, Respondent, v FARMINGDALE STATE COLLEGE, Appellant. [948 NYS2d 104]—

In April 2010, the petitioner, a student at Farmingdale State College (hereinafter the College), was pursuing an associate's degree in nursing. As part of a nursing seminar class, which included an ethics component, the petitioner was required to

submit a position paper, which constituted 25% of his grade. After the petitioner submitted his paper, his professor determined that it had been plagiarized from another student at the College who had submitted the same paper the previous spring. Disciplinary proceedings were instituted, which resulted in the petitioner's dismissal from the College's Nursing Program. The petitioner commenced the instant CPLR article 78 proceeding challenging, inter alia, the penalty imposed. The Supreme Court granted the petition to the extent of annulling so much of the College's determination as dismissed the petitioner from the Nursing Program, and remitted the matter to the College for the imposition of a lesser penalty.

An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Ellis v Mahon*, 11 NY3d 754, 755 [2008]; *Matter of Torrance v Stout*, 9 NY3d 1022, 1023 [2008]). In other words, both the Supreme Court and this Court "lack[ ] any discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed" (*Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). "[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]).

Contrary to the Supreme Court's determination, it cannot be concluded, as a matter of law, that the penalty of dismissal is so disproportionate to the petitioner's misconduct as to be shocking to one's sense of fairness, particularly in light of the facts that he was put on notice of that possible disciplinary measure, that he continued to deny his plagiarism, and that he provided an implausible explanation for the similarity between his paper and that of the other student (*see Matter of Flores v New York Univ.*, 79 AD3d 502 [2010]; *see also Matter of Dequito v New School for Gen. Studies*, 68 AD3d 559 [2009]; *Matter of Harper*, 223 AD2d 200, 201 [1996]). Accordingly, the petition should have been denied and the proceeding dismissed. Balkin, J.P., Eng, Leventhal and Chambers, JJ., concur.