■ In the Matter of JAY K. SHAH, Appellant, v UNION COLLEGE, Respondent. [948 NYS2d 456]—

Peters, P.J.

In June 2009, during petitioner's freshman year at respondent, he admitted to plagiarizing a lab report in his biology class. The penalty was a grade of zero on the lab report, a determination that petitioner did not challenge administratively. Two years later, as a junior, petitioner was charged with two separate acts of academic dishonesty in his Biology 354 course; specifically, submitting a lab report that included certain material plagiarized from his lab partner's lab report, and submitting a written assignment that included material plagiarized from online sources without citation. Following hearings before members of respondent's Subcouncil on the Academic Standing of Students (hereinafter the Subcouncil), petitioner was found guilty of both charges. However, upon administrative review, the Dean of the Faculty determined that procedural irregularities had occurred and referred the cases back to the Subcouncil. New hearings were held and petitioner was again found guilty of both charges. The penalty imposed for the lab report was a grade of zero on that report. For the written assignment, the penalty imposed was failure in the course and suspension for the fall 2011 term. Both determinations were upheld on administrative review.

Petitioner then commenced this CPLR article 78 proceeding seeking to annul the determinations. Supreme Court, noting a court's limited role in reviewing academic and disciplinary matters between private educational institutions and their students, concluded that respondent had adhered to its guidelines for disciplinary proceedings, that the determinations were rational and that the penalties imposed were not excessive. The court accordingly dismissed the petition, prompting this appeal.

Judicial review of a private university's disciplinary determinations is limited to "whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings" (*Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993 [1999]; *see Matter of Hyman v Cornell Univ.*, 82 AD3d 1309, 1310 [2011]), and whether the determination "is based on a rational interpretation of the relevant evidence" (*Matter of Katz v Board of Regents of the Univ. of the State of N.Y.*, 85 AD3d 1277, 1279 [2011], *lv denied* 17 NY3d 716 [2011]; *see Matter of Warner v Elmira Coll.*,

59 AD3d 909, 910 [2009]). Petitioner argues that respondent violated its own guidelines by conducting the new hearings before panels comprised of members who had also served on the panels at the initial hearings, as well as the Dean of Studies, who had participated in the preliminary review of these matters and additionally acted as moderator at the hearings. Notably, however, respondent's guidelines do not preclude the same panel members from presiding over hearings on remand (*see Matter of Ebert v Yeshiva Univ.*, 28 AD3d 315, 315 [2006]) or the Dean of Studies from also serving on the panels (*see Matter of Dequito v New School for Gen. Studies*, 68 AD3d 559, 559 [2009]). Moreover, petitioner's request, made pursuant to the guidelines, to remove the panel members was considered and granted to the extent that one of the initial members was replaced on the ground that she appeared to exhibit bias against petitioner. There is no indication in the record that the remaining members had predetermined the issues. Indeed, our review of the transcripts reveals that, during both hearings, the panel members asked many detailed and probing questions of both petitioner and the professor who initiated the charges against him, and that the Dean of Studies moderated the hearings in an impartial manner. Petitioner's additional contention that the Subcouncil improperly refused to consider the results of a polygraph test is also unpersuasive.

Nor do we agree with petitioner's claim that the determinations of academic dishonesty are irrational, as the record reveals that, among other evidence, his own admissions provided a rational basis. With respect to the written assignment, petitioner admitted that he failed to provide citations to certain material that he copied from several websites, conduct that respondent's student handbook clearly indicates constitutes academic dishonesty. As for the lab report, petitioner admitted that he and his lab partner jointly prepared the graphs submitted as part of their individual reports. Although such collaboration was apparently permitted in other biology classes and petitioner explained that he assumed it would be permitted in Biology 354 as well, the Biology Department's guidelines specify that "[u]nless otherwise told by your instructor, lab reports are to be an INDIVIDUAL effort." Importantly, petitioner does not contend that the professor advised the class that the students could collaborate on any aspect of their lab reports. Petitioner's further claim that the Subcouncil acted arbitrarily and capriciously by finding him guilty of academic dishonesty while his lab partner was not subjected to discipline is unavailing.

Finally, the penalties imposed are not disproportionate to the

offenses. Respondent's guidelines provide for penalties far more severe than the class failure and one-semester suspension that petitioner received for plagiarizing the written assignment—his third academic dishonesty offense—including expulsion from respondent. While petitioner claims that this penalty resulted in his expulsion from the eight-year Leadership in Medicine Program, which would have allowed him to be automatically enrolled in Albany Medical College upon obtaining his Bachelor of Science degree from respondent, we note that the Subcouncil did not expel him from that program, nor did it have the authority to do so. We are not persuaded that this collateral consequence of the reasonable penalties imposed by the Subcouncil entitles petitioner to special treatment by that body, or by the courts. Accordingly, we affirm Supreme Court's judgment in all respects.

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.