Rose, J.
Proceeding pursuant to CPLR article 78 (transferred *1293 to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, among other things, placed petitioner on disciplinary suspension.
Petitioner, a student at respondent and a member of a fraternity, hosted a weeknight party at his off-campus apartment during the peak of respondent’s fraternity pledging period. Local police, responding to complaints of noise at the apartment, discovered underage drinking as well as three individuals whose dangerous levels of intoxication required medical assistance. Petitioner and his roommates were arrested and respondent referred them to its disciplinary process for violating the student code of conduct regarding hazing, alcohol, compliance and disruptive conduct. After a hearing before respondent’s Judicial Board, petitioner was found to be in violation of each charge and was suspended from November 2012 through May 2014. The determination was upheld on administrative appeal, and this proceeding ensued.
Petitioner limits his substantive challenge to the determination that he violated the hazing and alcohol provisions of the code of conduct, claiming that the evidence does not support those charges. The code of conduct defines hazing as “any reckless or intentional conduct in connection with the initiation into or affiliation with any organization which degrades, humiliates or endangers the mental or physical health of any person, regardless of the person’s willingness to participate.” An alcohol violation is defined as “[u]se, possession, or distribution of alcoholic beverages except as expressly permitted by the law and University regulations.” Our review of the record with respect to each of these claims is limited to whether respondent’s determination is supported by substantial evidence (see CPLR 7803 [4]; Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d 1117, 1120 n [2013]). We find that it is.
Upon responding to the apartment, the police found 30 to 40 underage drinkers, half of whom fled out the back door, a keg of beer and multiple bottles of liquor, a 15-gallon plastic tub of vomit on the floor in the living room, “dirt and vomit all over the floor” and three students so intoxicated as to require medical attention. Each of those three students had expressed interest in joining petitioner’s fraternity. Petitioner’s roommates were officers of the fraternity, their apartment was adorned with fraternity paraphernalia, the fraternity had no house of its own and one of the roommates told police that the party was “for the pledges.” This evidence and the reasonable inferences to be drawn therefrom support the determination that petitioner violated both the hazing and alcohol provisions in the code of *1294 conduct by recklessly allowing alcohol to be consumed in excess at a party held for his fraternity at his apartment, thereby endangering the physical health of three underage students interested in becoming members of the fraternity. Petitioner’s contentions that the party had nothing to do with the fraternity, no hazing occurred and he was unaware that any of the attendees were so intoxicated as to require medical attention presented credibility issues that were within the sole province of respondent to determine, and we will not disturb them (see Matter of Dewitt v New York State Bd. of Law Examiners, 90 AD3d 1457, 1458 [2011], lv denied 18 NY3d 810 [2012]; Matter of Ernst v Saratoga County, 251 AD2d 866, 867 [1998]).
Petitioner’s claimed procedural errors with respect to his temporary suspension, the make-up of the Judicial Board and the incomplete recording of the hearing are unpreserved due to his failure to raise them at the hearing or in his administrative appeal (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]; Matter of Cagle v Fischer, 108 AD3d 913, 913 [2013]; Matter of Tafari v Evans, 102 AD3d 1053, 1054 [2013], lv denied 21 NY3d 852 [2013]). As for his preserved procedural challenges, the record reflects that respondent substantially complied with its procedures and provided petitioner adequate notice of the charges against him. Respondent also provided petitioner with an adequate opportunity to prepare for the hearing and respond to the charges during the hearing, as well as a statement detailing the factual findings and evidence on which the discipline was imposed (see Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d at 1118; Matter of Hyman v Cornell Univ., 82 AD3d 1309, 1310 [2011]; Matter of Mary M. v Clark, 100 AD2d 41, 43-44 [1984]). Finally, given the serious nature of the violations and the risk posed to the health and safety of students, we do not find the penalty imposed “so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks and citations omitted]; see Matter of Quercia v New York Univ., 41 AD3d 295, 297 [2007]; Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst, 260 AD2d 992, 994 [1999]).
Peters, EJ., Lahtinen and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.