# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**484**

**TP 16-00608**

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF KRISTEN PONICHTERA, PETITIONER,

                V                            MEMORANDUM AND ORDER

STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT.

---

FRANK M. BOGULSKI, BUFFALO, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Frederick J. Marshall, J.], entered April 14, 2016) to review a determination of respondent. The determination dismissed petitioner from the Doctor of Nursing Practice program.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner seeks to annul a determination dismissing her from respondent's Doctor of Nursing Practice program for her violation of respondent's admissions integrity standards. "[W]hen a university has adopted a rule or guideline establishing the procedure to be followed in relation to suspension or expulsion[,] that procedure must be substantially observed" (*Tedeschi v Wagner Coll.*, 49 NY2d 652, 660; *see Matter of McConnell v Le Moyne Coll.*, 25 AD3d 1066, 1068-1069). " 'Judicial scrutiny of the determination of disciplinary matters between a university and its students . . . is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious' " (*Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo Sch. of Dental Medicine*, 295 AD2d 944, 944; *see Matter of Budd v State Univ. of N.Y. at Geneseo*, 133 AD3d 1341, 1342, *lv denied* 26 NY3d 919). In a case such as this involving a public university, "[d]ue process requires that the petitioner[] be given the name of the witnesses against [her], the opportunity to present a defense, and the results and finding of the hearing" (*Nawaz*, 295 AD2d at 944). Here, we conclude that those basic requirements of due process were met (*see Budd*, 133 AD3d at 1342-1343; *Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam*, 105 AD3d 1117, 1119).

Moreover, where, as here, "a university, in expelling a student, acts within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge that justify the exercise of discretion, a court may not review the exercise of its discretion" (*Matter of Carr v St. John's Univ., N.Y.*, 17 AD2d 632, 634, *affd* 12 NY2d 802).  We conclude that the determination of respondent, which found petitioner guilty of omitting from her applications for admission into respondent's program information concerning her prior enrollment at and dismissal from a graduate degree program at Gannon University, is not arbitrary and capricious or an abuse of discretion and is rationally supported by the record (*see Matter of Katz v Board of Regents of Univ. of the State of N.Y.*, 85 AD3d 1277, 1281, *lv denied* 17 NY3d 716; *see generally Matter of Susan M. v New York Law Sch.*, 76 NY2d 241, 246; *Matter of Hyman v Cornell Univ.*, 82 AD3d 1309, 1310; *Matter of Warner v Elmira Coll.*, 59 AD3d 909, 910-911; *Matter of Lusardi v State Univ. of N.Y. at Buffalo*, 284 AD2d 992, 992, *lv denied* 97 NY2d 608).

We further conclude that the penalty of dismissal from the academic program was not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233; *see Matter of Quercia v New York Univ.*, 41 AD3d 295, 297). In light of our determination, we do not consider petitioner's remaining contentions.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court