Matter of Doe v Trustees of Union Coll. (2021 NY Slip Op 03649)





Matter of Doe v Trustees of Union Coll.


2021 NY Slip Op 03649


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

532226
[*1]In the Matter of John Doe, Appellant,
v
Trustees of Union College, Respondent.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

The Kaplan Law Office, New York City (Charles Caranicas of counsel), for appellant.
Higgins, Roberts & Suprunowicz, PC, Niskayuna (Michael E. Basile of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Buchanan, J.), entered March 12, 2020 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of Union College finding petitioner guilty of violating Union College's Academic Honor Code.
In March 2018, petitioner was charged with violating Union College's Academic Honor Code by cheating on a final exam. A hearing was originally held before Union College's Honor Council in July 2018, after which petitioner was found guilty. This determination, however, was reversed following an internal appeal. A subsequent hearing was held in October 2018, and petitioner was again found to have violated the Honor Code. Following a hybrid CPLR article 78 proceeding and action, the Honor Council's determination was annulled. In February 2019, a third hearing was held. Petitioner was found guilty, but this determination was reversed on an internal appeal. In May 2019, the Honor Council held a fourth hearing. The Honor Council concluded that petitioner was guilty and imposed the sanction of expulsion. Petitioner's subsequent internal appeal was denied. Petitioner thereafter challenged the Honor Council's determination and his expulsion by way of this CPLR article 78 proceeding. Respondent answered. In a March 2020 judgment, Supreme Court dismissed the petition, prompting this appeal by petitioner. We affirm.
"[W]hen a university has adopted a rule or guideline establishing the procedure to be followed in relation to suspension or expulsion[,] that procedure must be substantially observed" (Tedeschi v Wagner Coll., 49 NY2d 652, 660 [1980]; see Matter of Dopp v State Univ. of N.Y., 146 AD3d 1058, 1061 [2017], lv denied 29 NY3d 906 [2017]; Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d 1117, 1118 [2013]). "Judicial scrutiny of the determination of disciplinary matters between a university and its students . . . is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious" (Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst., 260 AD2d 992, 993 [1999] [citations omitted]; see Tedeschi v Wagner Coll., 49 NY2d at 658; see generally CPLR 7803 [3]).
Petitioner argues that the Honor Council, by presenting allegations of cheating that exceeded the scope of the March 2018 charge, did not comply with the notice requirements provided in the regulations and procedures. Petitioner was charged with cheating based upon the allegation that he looked at another student's exam and copied from it. Although a professor testified about an incident involving petitioner and his taking of prior exams, the professor never accused petitioner of misconduct with respect to these prior exams. Furthermore, even if the incident with these prior exams constituted a violation [*2]of the Honor Code, the March 2018 charge was not amended to allege that petitioner violated the Honor Code based on these prior exams and the Honor Council only found petitioner guilty for cheating on the final exam. Accordingly, petitioner's argument is unavailing.
Petitioner asserts that the Honor Council did not abide by proper procedure when it held the hearing on May 3, 2019, despite being advised that this date posed a conflict. According to the regulations and procedures, the Honor Council "may" schedule a new hearing date where good cause exists to do so. The record reflects that petitioner was unavailable for the originally scheduled date for the fourth hearing and that he suggested May 3, 2019 as an alternative date. A notice was thereafter sent to petitioner confirming this date for the hearing. Although petitioner claims that he did not receive this notice, the record belies this claim. Petitioner also asserts that his advisor had a conflict on May 3, 2019. The regulations and procedures, however, provide that the accused student had the responsibility of ensuring that the advisor appeared at the hearing. In view of the foregoing, petitioner's assertion on this point is without merit.
Petitioner also contends that it was impermissible for Honor Council members who had served in any of the prior hearings to do so again at the May 2019 hearing. The regulations and procedures, however, do not contain any prohibition on members serving in successive hearings (see Matter of Shah v Union Coll., 97 AD3d 949, 951 [2012]) — a point petitioner does not dispute. Petitioner's claim that repeat members were tainted with bias rests on mere speculation and supposition. Indeed, petitioner expressed his gratitude to the Honor Council for making the panel as unbiased as possible.
As to petitioner's contention that he was deprived of the opportunity to present witnesses, the regulations and procedures stated that a person desiring a particular witness to testify bore the responsibility of ensuring that such witness appeared. Petitioner sought to have the director of the office of disability services and international advising testify about the procedures related to proctoring exams. The record, however, does not indicate that petitioner ever asked the director to testify on his behalf. Even if it did, other than a conclusory claim, there is no evidence showing that anyone from Union College prohibited the director from testifying at the hearing. As such, petitioner was not deprived of his right to present witnesses (see Matter of Hyman v Cornell Univ., 82 AD3d 1309, 1310 [2011]).
Petitioner's contention that a former dean improperly testified as to what another student informed her is without merit given that hearsay is permissible in a college's disciplinary hearing (see Matter of Doe v Skidmore Coll., 152 AD3d 932, 938 [2017]). Petitioner's argument that the Hearing Council should have retained a neutral expert to analyze his final [*3]examination is unpreserved inasmuch as it is being raised for the first time on appeal (see Matter of Gibson v Fischer, 56 AD3d 916, 916 [2008]). In sum, the record discloses that the Honor Council substantially complied with the applicable regulations and procedures and, therefore, its determination will not be disturbed (see Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d at 1118-1119; Matter of Hyman v Cornell Univ., 82 AD3d at 1310-1311; Matter of Beilis v Albany Med. Coll. of Union Univ., 136 AD2d 42, 44 [1988]).
Finally, in view of the allegations at issue and the fact that this was not petitioner's first violation of the Honor Code, the penalty of expulsion does not shock one's sense of fairness (see Matter of Flores v New York Univ., 79 AD3d 502, 503 [2010]; see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234 [1974]). Accordingly, Supreme Court did not err in dismissing the petition. Petitioner's remaining contentions, to the extent not specifically discussed herein, have been considered and are without merit.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, with costs.