■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON MICHALEK, Appellant. [630 NYS2d 782] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered September 29, 1989, convicting him of criminal possession of a controlled substance in the first

degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated June 1, 1993, the judgment was affirmed *(see, People v Michalek,* 194 AD2d 568). By decision and order of the Court of Appeals dated January 11, 1994, the judgment was modified and the matter was remitted to the Supreme Court, Suffolk County, for a reconstruction hearing to determine whether the defendant was present at both stages of his *Sandoval* hearing *(see, People v Michalek,* 82 NY2d 906).

Ordered that the judgment is affirmed.

At the reconstruction hearing conducted on April 15, 1994, and May 2, 1994, before Justice Michael F. Mullen, both the Trial Justice and the prosecutor testified that the defendant was present at both stages of his *Sandoval* hearing. The defendant's then-attorney had no independent recollection of whether the defendant was present. The defendant could not recall the first stage of his *Sandoval* hearing. As to the second stage he stated, "I would rather say to you that I was not present there". After the hearing, the court determined that the defendant was present during both stages of the *Sandoval* hearing. We affirm.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). We are satisfied that the hearing court properly credited the testimony of the Trial Justice and the prosecutor *(see, e.g., People v Gonzalez,* 184 AD2d 525). O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.