■ The People of the State of New York, Respondent, v Cornelius James, Appellant. [635 NYS2d 388] —Judgment unanimously reversed on the law and facts and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the third degree. The People conceded that a reconstruction hearing was required to determine whether defendant was present at a *Sandoval* hearing at which County Court concluded that defendant could be asked on cross-examination if he had ever been convicted of a crime *(People v James,* 207 AD2d 1028). At the reconstruction hearing conducted by the Trial Judge, there was conflicting testimony regarding where the *Sandoval* hearing took place as well as whether defendant was present. The court clerk did not have an independent recollection of the *Sandoval* hearing, but testified that her failure to record the presence of defendant in the minutes did not mean that he was not present, because it was her policy at that time "not to make a notation of whether [defendant] was present or not". Trial counsel testified that it was his usual practice to conduct *Sandoval* hearings in the presence of defendants, but he was "not 100 percent sure that [defendant] was there then". The Assistant District Attorney testified that he was certain that the *Sandoval* hearing occurred in court in the presence of numerous persons, including a high school class, his parents, and defendant. Defendant testified that, upon the commencement of the *Sandoval* hearing in chambers, he was removed to an adjoining room; counsel consulted with him on two occasions and notified him of the court's ruling. At the conclusion of the reconstruction hearing, the court, with the agreement of the parties, indicated that it did not believe that it was expected to make findings of fact.

Initially, we repeat our admonition that it is the better practice for the Judge who presides at the reconstruction hearing to make factual findings concerning defendant's presence at the hearing, as well as the content of the *Sandoval* ruling *(see, People v Rodriguez,* 214 AD2d 1047). Resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the hearing court, which has the advantage of hearing and seeing the witnesses *(see, People v Prochilo,* 41 NY2d 759; *People v Gaimari,* 176 NY 84; *People v Michalek,* 218 AD2d 750). From our review of the record, we cannot conclude that defendant was present at the *Sandoval* hearing. The only evidence in support of that position was the testimony of the Assistant District Attorney. Upon cross-examination, however, he admitted that he was wrong in recalling that a discussion regarding

the removal of a juror took place in court immediately preceding the *Sandoval* hearing. In light of his faulty recollection on that point, we do not credit his testimony that defendant was present at the *Sandoval* hearing. In any event, we find that it is unlikely that the court conducted the discussion regarding juror removal in chambers in the presence of defendant on the record and then went into open court in the presence of a large audience and conducted an off-the-record *Sandoval* hearing with defendant present. (Resubmission of Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.