■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RALPH MILLER, Appellant. (Appeal No. 1.) [635 NYS2d 551] —Case held, decision reserved and matter remitted to Oneida County Court for further proceedings in accordance with the following Memorandum: The contention of defendant that County Court erred in its denial of his application for a missing witness charge is not preserved for our review *(see,*

*People v Gonzalez,* 68 NY2d 424, 427-428; *People v Peterson,* 188 AD2d 1002, *lv denied* 81 NY2d 891; *People v Ruiz,* 176 AD2d 683, 684, *lv denied* 79 NY2d 952). The further contention of defendant that the 19th count of the indictment is duplicitous is also not preserved for our review *(see,* CPL 210.20 [2]; 255.20 [1]). We decline to exercise our power to address either issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Five days after the jury returned a guilty verdict, defendant brought a motion for a reconstruction hearing, alleging that he had not been present at an in-chambers *Sandoval* hearing. The motion was unopposed and the reconstruction hearing was held on March 29, 1995. The record of that hearing discloses that the issue of defendant's presence was sharply contested. The court, however, neither made findings of fact nor a determination whether defendant was present at the *Sandoval* hearing. "Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court, which saw and heard the witnesses" *(People v Michalek,* 218 AD2d 750, 751). We, therefore, reserve decision and remit the matter to County Court to make findings of fact and a determination whether defendant was present at the *Sandoval* hearing *(cf., People v James,* 221 AD2d 963 [decided herewith]). (Appeal from Judgment of Oneida County Court, Murad, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.