In the Matter of LARRY PEREZ, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [642 NYS2d 127] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: We confirm the determination of respondent that petitioner violated inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]), which prohibits the use of a controlled substance. The positive result of an EMIT test, when confirmed, as here, by the result of a second EMIT test, constitutes substantial evidence to support that determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 138; *Matter of McKins v Coughlin,* 142 AD2d 987, *lv denied* 74 NY2d 603).

We reject the argument of petitioner that the Hearing Officer was required to conduct further investigation in response to his assertion that a particular medication had been omitted from the list of medications that he had taken in the prior 30 days (*see,* 7 NYCRR 1020.4 [d] [2]). The Hearing Officer was entitled to rely upon the list, which was prepared by the medical department and signed by a registered nurse. Petitioner's assertion that a particular medication had been omitted from the list raised a credibility issue, which the Hearing Officer was entitled to resolve against petitioner (*see, Matter of Perez v Wilmot,* 67 NY2d 615, 617; *People ex rel. Vega v Smith,* 66 NY2d 130, 140). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

NICK'S GARAGE, INC., Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC., et al., Appellants. [642 NYS2d 837] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Stone, J. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Defamation.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.