■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RALPH MILLER, Appellant. [643 NYS2d 435] —Judgment unanimously affirmed. Memorandum: We reserved decision and remitted this matter to County Court to make findings of fact and a determination whether defendant was present at an in-chambers *Sandoval* hearing (*People v Miller*, 221 AD2d 1001). The testimony at the reconstruction hearing supports the court's finding that defendant was present at the hearing. (Resubmission of Appeal from Judgment of Oneida County Court, Murad, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.

■ In the Matter of SAMUEL EDMONSON, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [643 NYS2d 827] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination that he violated prison disciplinary rules. By failing to object at a time when the Hearing Officer could have corrected any error, petitioner failed to exhaust his administrative remedies with respect to his contention that respondent failed to provide him with the facility's disciplinary rule book (*see, Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834; *see also, Matter of Islar v Coombe*, 226 AD2d 851; *Matter of Torres v Coughlin*, 161 AD2d 1080). The disciplinary hearing, which commenced 24 hours after the employee assistant's initial meeting with petitioner, was conducted within the time constraints of 7 NYCRR 254.6 (a) (*see, Matter of Edmonson v Irvin*, 206 AD2d 951, *appeal dismissed* 84 NY2d 1008). Finally, the inmate misbehavior report authored by an eyewitness to the event and the testimony of that eyewitness constitute substantial evidence supporting the determination. The testimony of other witnesses who did not see petitioner commit the act raised a credibility issue, which the Hearing Officer was entitled to resolve against petitioner (*see, Matter of Perez v Coombe*, 226 AD2d 1131). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.