In the Matter of OSAMA F. AL-KHADRA, Respondent, v SYRACUSE UNIVERSITY, Appellant. [737 NYS2d 491] —Appeal from a judgment (denominated order) of Supreme Court, Onondaga County (Stone, J.), entered June 26, 2001, which granted the CPLR article 78 petition in part and, inter alia, vacated the indefinite suspension of petitioner as a student.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law

without costs, the petition is denied and the indefinite suspension is reinstated.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking an order vacating the decision of respondent indefinitely suspending him as a student. Supreme Court erred in granting the petition to the extent that it vacated the indefinite suspension, reinstated the interim suspension and remitted the matter to respondent to conduct a hearing. "Judicial scrutiny of the determination of disciplinary matters between a university and its students, or student organizations, is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious" (*Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993-994; *see also, Tedeschi v Wagner Coll.*, 49 NY2d 652, 660). Here, respondent substantially adhered to the procedures outlined in its Judicial System Handbook. Pursuant to section two, part 3.1 of the Handbook, a complaint may be filed by any member of the University community, including a student, faculty member or staff member. The complaint against petitioner was filed by a sergeant in respondent's Department of Public Safety. As the complainant, the sergeant testified at the hearing held before respondent's Judicial Board and was cross-examined by petitioner. Petitioner therefore was afforded his right to "face the opposing party and to ask questions" pursuant to section two, part 7.3 of the Handbook, and there are no further relevant requirements in the Handbook. Thus, we reverse the judgment, deny the petition and reinstate the indefinite suspension. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.