■ In the Matter of TARIQ NAWAZ et al., Petitioners, v STATE UNIVERSITY OF NEW YORK UNIVERSITY AT BUFFALO SCHOOL OF DENTAL MEDICINE, Respondent. [744 NYS2d 590] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Dillon, J.), entered January 4, 2002, seeking to vacate respondent's determinations that, inter alia, petitioners violated respondent's honor code.

It is hereby ordered that the determinations be and the same hereby are unanimously confirmed without costs and the amended petition is dismissed.

Memorandum: Petitioners, third-year dental students at respondent university, commenced this CPLR article 78 proceeding seeking, inter alia, to vacate the determinations that they violated respondent's honor code by cheating on a final examination. Two of the petitioners were expelled and the third was placed on permanent probation. At the initial hearing on the charges, members of petitioners' class were improperly included as members of the judicial council, in contravention of a provision in respondent's Student Handbook prohibiting such participation. In response to posthearing objections by petitioners, respondent vacated the judicial council's findings of guilt and granted petitioners a new hearing. Petitioners were again found guilty.

"Judicial scrutiny of the determination of disciplinary matters between a university and its students, or student organizations, is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious" (*Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993; *see Matter of Al-Khadra v Syracuse Univ.*, 291 AD2d 865, 866). A public university must also provide its students with the " 'full panoply of due process guarantees' " (*Rensselaer Socy. of Engrs.*, 260 AD2d at 994). "Due process requires that the petitioners be given the names of the witnesses against them, the opportunity to present a defense, and the results and finding of the hearing" (*Matter of Gruen v Chase*, 215 AD2d 481, 481).

Petitioners contend that the determinations should be vacated because respondent failed to commence formal proceed-

ings against them within 10 business days of the incident, as required by the Student Handbook. We reject that contention. Respondent substantially adhered to the time frame set forth in the Student Handbook by commencing the formal proceedings within 33 days of the incident (*see generally Al-Khadra,* 291 AD2d at 866). The delay resulted from the fact that, prior to instituting potentially baseless charges, respondent sought statistical analysis of the test scores. Petitioners further contend that they were denied their due process rights based on a provision in the Student Handbook prohibiting them from contacting witnesses. That contention is raised for the first time on appeal, and thus petitioners have not exhausted their administrative remedies (*see Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). In addition, two of the three petitioners contend that they were further denied their due process rights because respondent failed to notify them that an informal decision concerning a prior honor code violation committed by each of them was included in their confidential files and was disclosed to the judicial council during the sanction phase of the proceeding. We reject that contention. Those petitioners were allowed to cross-examine the professor who had caused notes to be placed in their confidential files indicating that they had admitted to an infraction of the honor code and had accepted negotiated consequences without formal proceedings. In view of our decision upholding the determination to expel petitioner Senaida Smajovic for violating the honor code by cheating on a final examination, her contention that an additional charge of cheating was not proven by clear and convincing evidence is rendered moot. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.