# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1180**
**TP 15-00674**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JAMES E. BUDD, PETITIONER,

              V                              MEMORANDUM AND ORDER

STATE UNIVERSITY OF NEW YORK AT GENESEO,
RESPONDENT.

---

LAW OFFICE OF PETER K. SKIVINGTON PLLC, GENESEO (DANIEL R. MAGILL OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Livingston County [Robert B. Wiggins, A.J.], entered April 17, 2015) to review a determination of respondent. The determination, among other things, expelled petitioner as a student at the State University of New York at Geneseo.

It is hereby ORDERED that the determination is unanimously confirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul the determination of respondent to expel him as an undergraduate student. Petitioner on four prior occasions had been subject to discipline, including a year-long suspension, for violating respondent's Student Code of Conduct (Code). He was subsequently expelled after respondent determined that he violated two sections of the Code, one proscribing physical assaults and a second prohibiting deliberate incitement of others to engage in Code-violating conduct. At the hearing on those charges, respondent relied in pertinent part on a police report and supporting depositions describing how petitioner tackled a man to the ground, pursued the man to a nearby apartment with other students, and punched the man in the face.

Our review of respondent's determination "is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious" (*Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993). A public university such as respondent must "provide its

students with the full panoply of due process guarantees . . . [, which] requires that [students] be given the names of the witnesses against them, the opportunity to present a defense, and the results and finding of the hearing" (*Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine*, 295 AD2d 944, 944 [internal quotation marks omitted]).

Here, the record demonstrates that respondent "substantially adhered to its grievance procedures and that its determination is neither arbitrary nor capricious" (*Matter of Krysty v State Univ. of N.Y. at Buffalo*, 39 AD3d 1220, 1220), and that petitioner was provided with the "full panoply of due process guarantees" to which he was entitled (*Nawaz*, 295 AD2d at 944). We reject petitioner's contention that respondent's failure to provide him certain documents through prehearing discovery denied him due process. It is clear from the record that petitioner possessed the relevant documents, and therefore he was not prejudiced by any failure on the part of respondent to provide those documents to him (*see generally Matter of Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235, 259-261). Contrary to petitioner's further contention, he was not deprived of due process by any improper combination of roles of the hearing chairperson (*see Matter of Amos v Board of Educ. of Cheektowaga-Sloan Union Free Sch. Dist.*, 54 AD2d 297, 304, *affd* 43 NY2d 706).

We reject petitioner's contention that respondent's written determination denied him due process by failing to set forth detailed factual findings with respect to his violation of the Code's "deliberate incitement" provision. "In a disciplinary proceeding at a public institution of higher education, due process entitles a student accused of misconduct to a statement detailing the factual findings and the evidence relied upon by the decision-maker in reaching the determination of guilt" sufficient "to permit the student to effectively challenge the determination in administrative appeals and in the courts and to ensure that the decision was based on evidence in the record" (*Matter of Boyd v State Univ. of N.Y. at Cortland*, 110 AD3d 1174, 1175 [internal quotation marks omitted]). In our view, respondent's determination, which described the evidence on which respondent relied and described petitioner's deliberate incitement of other students to join his pursuit and engage in an altercation, satisfies that standard.

Petitioner contends that he was denied due process during his administrative appeal because the determination of that appeal improperly relied on documents concerning his "past conduct record" that were not part of the administrative record. Petitioner also contends that those documents should be stricken from the record. We reject both contentions. The Code directs that "an appeal shall be limited to review of the verbatim record of the initial review . . . *and supporting documents*" (emphasis added) and, because the Code also directs that "[a] student's past conduct record shall be considered in the determination of appropriate sanctions," we conclude that the challenged documents are the type of "supporting documents" that were properly reviewed as part of petitioner's administrative appeal.

Finally, we reject petitioner's further contention that he was denied due process because his disciplinary hearing consisted solely of hearsay evidence and he was denied the opportunity to confront live witnesses. "[T]he rights at stake in a school disciplinary hearing may be fairly determined upon the 'hearsay' evidence of school administrators charged with the duty of investigating the incidents" (*Boykins v Fairfield Bd. of Educ*., 492 F2d 697, 701, *cert denied* 420 US 962), and "[t]he lack of confrontation [does] not violate the [Code], which provide[s] for a nonadversarial fact-finding hearing 'without being unnecessarily formal or legalistic' " (*Matter of Ebert v Yeshiva Univ*., 28 AD3d 315, 316).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court