Matter of Sharma v State Univ. of N.Y. At Buffalo (2019 NY Slip Op 01970)





Matter of Sharma v State Univ. of N.Y. At Buffalo


2019 NY Slip Op 01970


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1175 TP 18-00667

[*1]IN THE MATTER OF SULAV SHARMA, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT. 






LIPPES & LIPPES, BUFFALO (JOSHUA R. LIPPES OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Paul Wojtaszek, J.], entered April 17, 2018) to review a determination of respondent. The determination found petitioner responsible for sexual violence and suspended petitioner from respondent State University of New York at Buffalo. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, and the preliminary injunction entered April 17, 2018 is vacated.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner, a student at respondent State University of New York at Buffalo, seeks to annul a determination finding him responsible for a violation of the prohibition against sexual violence in respondent's student code of conduct and suspending petitioner for a period of two years. We reject petitioner's contention that respondent's alleged violations of Education Law § 6444 or its own procedural rules during the disciplinary proceeding either denied petitioner the "the full panoply of due process guarantees" to which he was entitled or rendered the finding of responsibility or the sanction imposed arbitrary or capricious (Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo Sch. of Dental Med., 295 AD2d 944, 944 [4th Dept 2002] [internal quotation marks omitted]).
Contrary to petitioner's contention, he was not denied the assistance of counsel or other advisor at his disciplinary hearing. It is undisputed that respondent advised petitioner over a month prior to the hearing that he had a right to an advisor of his choice to accompany him throughout the proceedings, including an attorney, and that a university law student could be provided to assist him free of charge. Petitioner nonetheless contends that respondent violated his right to "appear . . . by . . . counsel" pursuant to State Administrative Procedure Act (SAPA) § 501 (emphasis added). Even assuming, arguendo, that the hearing and record requirements of Education Law § 6444 triggered the application of SAPA generally, petitioner was not deprived of any right to counsel under SAPA because respondent's administrative hearing procedures authorized an attorney advisor to accompany involved students throughout the disciplinary process, including at the hearing. There also is nothing in Education Law § 6444 that prohibits involved students from being represented by counsel or from having an attorney advisor accompany him or her at the hearing. The statute does, however, authorize institutions, such as respondent, to set the "[r]ules for participation of such advisor"
(§ 6444 [5] [c] [i]), and respondent was therefore within its rights to require that participating students speak on their own behalf at the disciplinary hearing.
Petitioner failed to raise his remaining procedural contentions during the administrative proceedings, and thus they are not properly before us (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; cf. Matter of Jacobson v Blaise, 157 AD3d 1072, 1075 n 2 [*2][3d Dept 2018]).
We further conclude that, contrary to petitioner's contention, respondent's determination is supported by substantial evidence. Here, the complainant's testimony constituted "such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion" that petitioner perpetrated a sexual act against a person's will as charged by respondent (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). The alleged inconsistencies in the complainant's testimony or conflict of that testimony with petitioner's version of events "presented credibility issues that were within the sole province of [the hearing officers] to determine," and we find no basis to disturb their findings (Matter of Lampert v State Univ. of N.Y. at Albany, 116 AD3d 1292, 1294 [3d Dept 2014], lv denied 23 NY3d 908 [2014]; see generally Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]; Matter of Monti v New York State Div. of Human Rights, 132 AD3d 1263, 1264 [4th Dept 2015]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court