Matter of A.E. v Hamilton Coll. (2019 NY Slip Op 04833)





Matter of A.E. v Hamilton Coll.


2019 NY Slip Op 04833


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


395 CA 18-01420

[*1]IN THE MATTER OF A.E., PETITIONER-APPELLANT,
v
HAMILTON COLLEGE, HAMILTON COLLEGE HARASSMENT AND SEXUAL MISCONDUCT BOARD REVIEW PANEL, APPEALS BOARD OF HAMILTON COLLEGE, CHAISE LADOUSA, AS CHAIR OF APPEALS BOARD, TINA HALL, AS CHAIR OF HAMILTON COLLEGE HARASSMENT AND SEXUAL MISCONDUCT BOARD REVIEW PANEL, ALLEN HARRISON, AS MEMBER OF HAMILTON COLLEGE HARASSMENT AND SEXUAL MISCONDUCT BOARD REVIEW PANEL, ASHLEY PLACE, AS MEMBER OF HAMILTON COLLEGE HARASSMENT AND SEXUAL MISCONDUCT BOARD REVIEW PANEL, ROBIN VANDERWALL, AS MEMBER OF HAMILTON COLLEGE HARASSMENT AND SEXUAL MISCONDUCT BOARD REVIEW PANEL, ET AL., RESPONDENTS-RESPONDENTS. 






BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP, GARDEN CITY (ALEX KLEIN OF COUNSEL), FOR PETITIONER-APPELLANT.
BOND, SCHOENECK & KING, PLLC, SYRACUSE (JONATHAN B. FELLOWS OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (David A. Murad, J.), entered May 16, 2018 in a CPLR article 78 proceeding. The judgment denied the petition and dismissed the proceeding. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, the petition is granted, the determinations are annulled and respondents are directed to adhere to the published rules and guidelines of respondent Hamilton College in any future proceeding against petitioner related to the incident reports.
Memorandum: Roughly two months before petitioner was due to graduate from respondent Hamilton College (College), several incident reports were filed against him alleging that he had violated various provisions of the College's Sexual Misconduct Policy (Policy). Certain charges were sustained by respondent Hamilton College Harassment and Sexual Misconduct Board Review Panel and upheld by respondent Appeals Board of Hamilton College. The penalty of expulsion was imposed. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul "the determination[s] of the [r]espondents, which expelled and then affirmed the [p]etitioner's expulsion from Hamilton College." Petitioner contended, inter alia, that respondents' refusal to provide him with either "a hearing or an opportunity to submit questions to his accusers in writing" violated his right to due process, as codified by state law, and violated the College's own policies and procedures. Supreme Court denied the petition and dismissed the proceeding. We agree with petitioner that respondents failed to follow their own policies and procedures.
As a preliminary matter, we reject respondents' contention that petitioner failed to exhaust administrative remedies. "Failure to exhaust administrative remedies is a defense that may be waived if not timely raised . . . , and [respondents] did not raise that defense in their answer" (Catuzza v Rodriguez, 93 AD3d 1214, 1214-1215 [4th Dept 2012]; see Matter of Mitchell v New York City Dept. of Correction, 94 AD3d 583, 584 [1st Dept 2012]). In any event, [*2]we conclude that petitioner exhausted his administrative remedies with respect to the issues raised on appeal and, therefore, his contentions are properly before us (cf. Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 295 AD2d 944, 945 [4th Dept 2002]; see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]).
With respect to the merits, it is well settled that the relationship between a private university and its students "is essentially a private one such that, absent some showing of State involvement, [its] disciplinary proceedings do not implicate the full panoply of due process guarantees' " (Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst., 260 AD2d 992, 994 [3d Dept 1999]; see generally Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015]). " Judicial scrutiny of the determination of disciplinary matters between a university and its students, or student organizations, is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious' " (Matter of Al-Khadra v Syracuse Univ., 291 AD2d 865, 866 [4th Dept 2002], lv denied 98 NY2d 603 [2002]; see generally Tedeschi v Wagner Coll., 49 NY2d 652, 660 [1980]).
Here, the parties agree that respondents did not have to afford petitioner a hearing under either Education Law § 6444 (5) (b) (ii) or the due process clauses of the State and Federal Constitutions. The parties further agree that petitioner did not have a right to confront or cross-examine witnesses against him (see Matter of Doe v Cornell Univ., 163 AD3d 1243, 1245 [3d Dept 2018]; Matter of Doe v Skidmore Coll., 152 AD3d 932, 934 [3d Dept 2017]). Nevertheless, the College was required to ensure that its published rules were "substantially observed" (Tedeschi, 49 NY2d at 660). This the College did not do.
At oral argument on the petition in Supreme Court and in their brief on appeal, respondents asserted that the Policy permits accused students to ask questions of accusers or witnesses in writing. According to respondents, such a right is encompassed by the rights in the Policy to submit information and evidence, and nothing in the Policy "prohibited [petitioner] from proposing questions to be asked of those witnesses." Yet respondents failed to inform petitioner that he had such a right. Although the Policy states that both the complainant and the "individual whose conduct is alleged to have violated th[e] Policy" are entitled to "be informed of campus judicial rules and procedures," the right to submit questions in writing to the accusers or witnesses is not explicitly mentioned anywhere in the Policy and was not mentioned in any communication to petitioner outlining the campus judicial rules and procedures.
Inasmuch as the United States Supreme Court has recognized that the right to ask questions of an accuser or witness is a significant and critical right (see generally Chambers v Mississippi, 410 US 284, 295 [1973]), we conclude that respondents' failure to inform petitioner that he had such a right establishes that they did not substantially adhere to the College's own published rules and guidelines requiring them to inform petitioner, i.e., the "individual whose conduct is alleged to have violated th[e] Policy," of all of the campus judicial rules and procedures. We therefore reverse the judgment, reinstate the petition, grant the petition, annul the determinations that petitioner violated the College's Policy and direct respondents to adhere to the College's published rules and guidelines in any future proceeding against petitioner related to the incident reports.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court