Matter of Brucato v State Univ. of N.Y. at Buffalo (2019 NY Slip Op 06291)





Matter of Brucato v State Univ. of N.Y. at Buffalo


2019 NY Slip Op 06291


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


577 TP 19-00141

[*1]IN THE MATTER OF CHARLES BRUCATO, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT. 






LIPPES & LIPPES, BUFFALO (JOSHUA R. LIPPES OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered January 24, 2019) to review a determination of respondent. The determination found petitioner responsible for violations of respondent's student code of conduct and imposed a 1½ year suspension from the University at Buffalo. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, and the preliminary injunction entered January 24, 2019 is vacated.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner, a student at respondent State University of New York at Buffalo, seeks to annul a determination finding him responsible for violations of respondent's student code of conduct arising from an incident of hazing. Following an administrative hearing and administrative appeal, respondent suspended petitioner for a period of 1½ years and placed a notation on petitioner's transcript.
We reject petitioner's contention that respondent's alleged violations of its own procedural rules during the disciplinary proceeding either denied petitioner "the full panoply of due process guarantees to which he was entitled or rendered the finding of responsibility arbitrary and capricious" (Matter of Sharma v State Univ. of N.Y. at Buffalo, 170 AD3d 1565, 1566 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Budd v State Univ. of N.Y. at Geneseo, 133 AD3d 1341, 1342-1343 [4th Dept 2015], lv denied 26 NY3d 919 [2016]; Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 295 AD2d 944, 944 [4th Dept 2002]).
Specifically, contrary to petitioner's contention, respondent's written charges against petitioner contained sufficient detail to allow petitioner to prepare a defense, and contained sufficient detail to comply with petitioner's right to due process and respondent's own procedures (see generally Matter of Schwarzmueller v State Univ. of N.Y. at Potsdam, 105 AD3d 1117, 1119-1120 [3d Dept 2013]). Likewise, respondent's written determinations following both the administrative hearing and appeal did not violate petitioner's right to due process inasmuch as they contained sufficient detail "to permit [petitioner] to effectively challenge the determination in administrative appeals and in the courts and to ensure that the decision was based on evidence in the record" (Budd, 133 AD3d at 1343). Further, the record before us does not support petitioner's contention that the determination of the administrative appeal was based on matters outside of the record.
We also reject petitioner's contention that he was denied the assistance of counsel at his disciplinary hearing in violation of his right to due process and his rights under State Administrative Procedure Act § 501 inasmuch as he was, as authorized by respondent's [*2]administrative hearing procedures, assisted by an attorney advisor throughout the disciplinary process, including at the hearing (see Sharma, 170 AD3d at 1566-1567).
We reject petitioner's further contention that respondent denied him due process by allegedly failing to provide him certain documents during prehearing discovery. Indeed, "[i]n a disciplinary hearing at a public institution of higher education, due process entitles a student accused of misconduct to a statement detailing the factual findings and the evidence relied upon by the decision-maker in reaching the determination of guilt" (Budd, 133 AD3d at 1343), and here the record reflects that petitioner was provided with the documents that were relied on by respondent (see generally id.). Contrary to petitioner's further contentions, he was not denied due process by respondent's determination to disallow live witnesses at the administrative hearing (see id. at 1343-1344; see also Matter of Jacobson v Blaise, 157 AD3d 1072, 1076 [3d Dept 2018]), and respondent complied with its own policies by allowing petitioner to submit a written statement from his own witness. The deadlines imposed by respondent regarding petitioner's submission of evidence in support of his defense did not violate respondent's own procedures and, contrary to petitioner's contention, did not deny his right to due process (see generally Sharma, 170 AD3d at 1566).
Petitioner failed to preserve his contention that he should have been supplied with a transcript or recording of the administrative hearing by failing to raise that issue at a time when it could have been corrected (see generally Matter of Edmonson v Coombe, 227 AD2d 975, 975 [4th Dept 1996], lv denied 88 NY2d 815 [1996]). Despite previously having requested a transcript or recording, petitioner nevertheless submitted the administrative appeal without mention of or objection to the lack of a transcript or recording. Petitioner failed to raise his remaining procedural contentions during the administrative proceedings or administrative appeal, and thus they are not properly before us (see Sharma, 170 AD3d at 1567; Matter of Lampert v State Univ. of N.Y. at Albany, 116 AD3d 1292, 1294 [3d Dept 2014], lv denied 23 NY3d 908 [2014]).
We further conclude that, contrary to petitioner's contention, respondent's determination is supported by substantial evidence. The evidence considered by respondent constituted " such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion' " that petitioner violated respondent's student code as charged by respondent (Sharma, 170 AD3d at 1567, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Further, the alleged inconsistencies or conflict in the evidence "presented credibility issues that were within the sole province of respondent to determine," and we perceive no basis to disturb respondent's findings (Lampert, 116 AD3d at 1294). Lastly, petitioner's contention that respondent's student code unconstitutionally restricts petitioner's First Amendment freedom of association is not properly raised in this proceeding pursuant to CPLR article 78 (see generally CPLR 7803).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court