Matter of Mavrogian v State Univ. of N.Y. At Buffalo (2020 NY Slip Op 04628)





Matter of Mavrogian v State Univ. of N.Y. At Buffalo


2020 NY Slip Op 04628


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


74 TP 19-01636

[*1]IN THE MATTER OF DANIEL MAVROGIAN, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT. 






CIMASI LAW OFFICE, AMHERST (MICHAEL CHARLES CIMASI OF COUNSEL), AND LIPPES & LIPPES, BUFFALO, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John F. O'Donnell, J.], entered September 3, 2019) to annul a determination of respondent. The determination found petitioner responsible for violations of respondent's student code of conduct. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner, a student at respondent, seeks to annul a determination finding him responsible for violations of respondent's student code of conduct arising from incidents of hazing. Following an administrative hearing and administrative appeal, respondent suspended petitioner for three years and placed a notation on petitioner's transcript.
Contrary to petitioner's contention, we conclude that respondent substantially adhered to its procedural rules during the disciplinary proceeding, and that the purported violations of those rules did not deny petitioner "the full panoply of due process guarantees to which he was entitled or render[ ] the finding of responsibility or the sanction imposed arbitrary or capricious" (Matter of Sharma v State Univ. of N.Y. at Buffalo, 170 AD3d 1565, 1566 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Budd v State Univ. of N.Y. at Geneseo, 133 AD3d 1341, 1342-1343 [4th Dept 2015], lv denied 26 NY3d 919 [2016]; Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 295 AD2d 944, 944 [4th Dept 2002]).
Specifically, we reject petitioner's contention that respondent denied him due process by allegedly failing to provide him certain documents during prehearing discovery. Indeed, "[i]n a disciplinary proceeding at a public institution of higher education, due process entitles a student accused of misconduct to a statement detailing the factual findings and the evidence relied upon by the decision-maker in reaching the determination of guilt" (Budd, 133 AD3d at 1343 [internal quotation marks omitted]), and here the record reflects that petitioner was provided with the documents that were relied on by respondent (see Matter of Brucato v State Univ. of N.Y. at Buffalo, 175 AD3d 977, 979 [4th Dept 2019]; see generally Budd, 133 AD3d at 1343). We also reject petitioner's contention that he was denied the assistance of counsel at his hearing in violation of his right to due process inasmuch as he was, as authorized by respondent's administrative hearing procedures, assisted by an attorney advisor throughout the disciplinary process, including at the hearing (see Brucato, 175 AD3d at 978-979; Sharma, 170 AD3d at 1566-1567). Nor was petitioner denied due process by respondent's alleged failure to call live witnesses or to accept questions to be asked of such live witnesses (see Matter of Jacobson v Blaise, 157 AD3d 1072, 1076 [3d Dept 2018]; Budd, 133 AD3d at 1343-1344).
We likewise reject petitioner's contention that respondent failed to provide an unbiased finder of fact (see generally Matter of Agudio v State Univ. of N.Y., 164 AD3d 986, 991-992 [3d Dept 2018]; Matter of Weber v State Univ. of N.Y., Coll. at Cortland, 150 AD3d 1429, 1433-1434 [3d Dept 2017]; Budd, 133 AD3d at 1343). Contrary to petitioner's further contention, respondent's written determinations did not violate petitioner's right to due process inasmuch as they contained sufficient detail "to permit [petitioner] to effectively challenge the determination in administrative appeals and in the courts and to ensure that the decision was based on evidence in the record" (Budd, 133 AD3d at 1343 [internal quotation marks omitted]). Further, the record before us does not support petitioner's contention that the determination of the administrative appeal was based on matters outside of the record.
Although petitioner contends that respondent failed to provide him with certain materials prior to the preliminary suspension hearing, he did not raise that contention on his administrative appeal. He thus failed to exhaust his administrative remedies with respect to that contention, and we have no discretionary power to reach it (see generally Matter of Inesti v Rizzo, 155 AD3d 1581, 1582 [4th Dept 2017]; Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ., 63 AD3d 943, 943-944 [2d Dept 2009]). Petitioner failed to preserve his contention that he should have been supplied with a transcript or recording of the administrative hearing inasmuch as he submitted his administrative appeal without objection to the lack of a transcript or recording, thus failing to raise that issue at a time when it could have been corrected (see Brucato, 175 AD3d at 979; see generally Matter of Edmonson v Coombe, 227 AD2d 975, 975 [4th Dept 1996], lv denied 88 NY2d 815 [1996]). Petitioner failed to raise his remaining procedural contentions during the administrative proceedings or administrative appeal, and thus they are not properly before us (see Sharma, 170 AD3d at 1567; Matter of Lampert v State Univ. of N.Y. at Albany, 116 AD3d 1292, 1294 [3d Dept 2014], lv denied 23 NY3d 908 [2014]).
We further conclude that, contrary to petitioner's contention, respondent's determination is supported by substantial evidence. The evidence considered by respondent constituted " such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion' " that petitioner violated respondent's student code as charged by respondent (Sharma, 170 AD3d at 1567, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Further, the alleged inconsistencies or conflict in the evidence "presented credibility issues that were within the sole province of respondent to determine," and we perceive no basis to disturb respondent's findings (Lampert, 116 AD3d at 1294). Lastly, petitioner's contention that respondent's student code unconstitutionally restricts petitioner's First Amendment freedom of association is not properly raised in this proceeding pursuant to CPLR article 78 (see generally CPLR 7803).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court