Matter of Doe 1 v State Univ. of N.Y. at Buffalo (2023 NY Slip Op 04838)

Matter of Doe 1 v State Univ. of N.Y. at Buffalo

2023 NY Slip Op 04838

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

592 TP 23-00496

[*1]IN THE MATTER OF DOE 1, PETITIONER,
v
STATE UNIVERSITY OF NEW YORK AT BUFFALO, RESPONDENT. 

LIPSITZ GREENE SCIME CAMBRIA, LLP, BUFFALO (BARRY N. COVERT OF COUNSEL), AND THE LAW OFFICE OF STEPHANIE ADAMS, PLLC, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered March 10, 2023), to review a determination of respondent. The determination found that petitioner had violated respondent's student code of conduct. 
It is hereby ORDERED that the determination so appealed from is unanimously annulled on the law without costs, the petition is granted, and respondent is directed to expunge all references to this matter from petitioner's school record.
Memorandum: In this CPLR article 78 proceeding transferred to this Court pursuant to CPLR 7804 (g), petitioner, a former student at respondent, seeks, inter alia, to annul a determination finding him responsible for a violation of the prohibition against sexual violence in respondent's student code of conduct (Code of Conduct). Following an administrative hearing and administrative appeal, respondent expelled petitioner and placed a notation on his transcript.
"Judicial scrutiny of the determination of disciplinary matters between a university and its students, or student organizations, is limited to determining whether the university substantially adhered to its own published rules and guidelines for disciplinary proceedings so as to ascertain whether its actions were arbitrary or capricious" (Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst., 260 AD2d 992, 993 [3d Dept 1999]; see Matter of Nawaz v State Univ. of N.Y. Univ. at Buffalo School of Dental Medicine, 295 AD2d 944, 944 [4th Dept 2002]).
Here, we agree with petitioner that respondent departed from its own published rules and guidelines by adjudicating the alleged misconduct under the Code of Conduct rather than its Title IX Grievance Policy (Title IX Policy). Respondent's Title IX Policy was established pursuant to 34 CFR 106.44 (b) (1), which requires as relevant here that respondent, in response to a formal complaint, follow a grievance process that complies with 34 CFR 106.45 if it seeks to impose disciplinary sanctions against someone accused of "sexual harassment," a term that encompasses petitioner's alleged misconduct (34 CFR 106.30 [a]). Although respondent was permitted to dismiss the formal Title IX complaint against petitioner after his withdrawal from the university (see id. § 106.45 [b] [3] [ii]), respondent was nevertheless bound to apply the grievance procedure set forth in § 106.45 if it sought to impose a disciplinary sanction for the alleged misconduct (see id. § 106.44 [a]; see also § 106.45 [b] [1]).
We further agree with petitioner that the questioning procedure provided at the Code of Conduct hearing substantially departed from the questioning procedure set forth in the Title IX Policy, and that the departure rendered respondent's disciplinary determination arbitrary and capricious (see generally Matter of A.E. v Hamilton Coll., 173 AD3d 1753, 1755 [4th Dept 2019]; Matter of Doe v Skidmore Coll., 152 AD3d 932, 940 [3d Dept 2017]). Respondent's Title [*2]IX Policy, which codifies the regulatory requirements in 34 CFR 106.45 (b) (6) (i), entitles "[e]ach party's advisor [to] conduct live cross-examination of the other party or parties and witnesses . . . in real time." However, respondent made the disciplinary determination based on its Code of Conduct questioning procedure, which prohibits live cross-examination and instead limits the parties to submitting written questions to hearing officers in advance of the hearing. "Inasmuch as the United States Supreme Court has recognized that the right to ask questions of an accuser or witness is a significant and critical right" (A.E., 173 AD3d at 1755; see generally Chambers v Mississippi, 410 US 284, 295 [1973]), and inasmuch as the application of the procedure set forth in the Code of Conduct significantly impeded that right as outlined in the Title IX Policy, we conclude that respondent failed to substantially adhere to its own published rules and guidelines. We therefore annul the determination that petitioner violated the Code of Conduct, grant the petition, and direct respondent to expunge all references to this matter from petitioner's school record.
We have considered petitioner's remaining contentions and conclude that they are without merit or are academic in light of our determination.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court