Matter of John Doe v State Univ. of N.Y. Buffalo State Univ. (2025 NY Slip Op 02461)

Matter of John Doe v State Univ. of N.Y. Buffalo State Univ.

2025 NY Slip Op 02461

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

200 TP 24-01499

[*1]IN THE MATTER OF JOHN DOE, PETITIONER,
T
v
HE STATE UNIVERSITY OF NEW YORK BUFFALO STATE UNIVERSITY, ALSO KNOWN AS THE STATE UNIVERSITY OF NEW YORK BUFFALO STATE COLLEGE, STUDENT CONDUCT AND COMMUNITY STANDARDS OFFICE OF STATE UNIVERSITY OF NEW YORK BUFFALO STATE UNIVERSITY, NINA G. PERINO, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS ASSOCIATE DIRECTOR OF STUDENT CONDUCT, STEVEN CAHOON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS INVESTIGATOR WITH THE UNIVERSITY POLICE DEPARTMENT AT STATE UNIVERSITY OF NEW YORK BUFFALO STATE UNIVERSITY, JOHN DOE(S), IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS BOARD MEMBER OF BUFFALO STATE STUDENT CONDUCT BOARD, AND JANE DOE(S), IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS BOARD MEMBER OF BUFFALO STATE STUDENT CONDUCT BOARD, RESPONDENTS. 

RUPP PFALZGRAF LLC, BUFFALO (R. ANTHONY RUPP, III, OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENTS.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered July 10, 2024) to review a determination that petitioner violated two provisions of the Code of Conduct of respondent State University of New York Buffalo State University. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted, and respondent State University of New York Buffalo State University is directed to expunge all references to this matter from petitioner's school record.
Memorandum: In this CPLR article 78 proceeding transferred to us pursuant to CPLR 7804 (g), petitioner, an undergraduate student at respondent State University of New York Buffalo State University (respondent), seeks to annul a determination made by respondent Student Conduct and Community Standards Office of State University of New York Buffalo State University (Student Conduct Office) following a disciplinary hearing that petitioner violated two provisions of respondent's Code of Conduct. As a sanction, petitioner was required to complete an anti-sexual violence training program. Based on our review of the record, we agree with petitioner that the determination is not supported by substantial evidence (see Matter of Hill v State Univ. of N.Y. at Buffalo, 163 AD3d 1454, 1455 [4th Dept 2018]; Matter of West v State Univ. of N.Y. at Buffalo, Off. of Vice-President for Student Affairs, 159 AD3d 1486, 1487 [4th Dept 2018]).
The disciplinary charges arose from allegations made against petitioner by a woman who did not testify at the disciplinary hearing, referred to in the record as the reporting individual [*2](reporting individual). The reporting individual spoke to an investigator employed by campus police and signed a supporting deposition setting forth her allegations. She stated in the supporting deposition that she had met petitioner through a dating app some five months earlier and had consensual sexual intercourse with him at that time. The reporting individual did not hear from petitioner again until early March 2023, when he sent her a message through the dating app asking her to come to his dorm room. After the reporting individual made clear in several messages that she did not want to have sex with petitioner, she later agreed to go to his dorm room.
The reporting individual further stated in her supporting deposition that, while she was in the dorm room on the evening of March 4, 2023, petitioner pulled down her pants, bent her over, and "started being sexual" with her. The sexual activity lasted for "like 2 minutes" before petitioner stopped and asked her to leave. According to an incident report prepared by the investigator, petitioner inserted his penis into the reporting individual's vagina without her consent on March 4, 2023, but that allegation is not explicitly included in the supporting deposition.
The investigator thereafter filed a complaint against petitioner with the Student Conduct Office, which charged him with three violations of respondent's Code of Conduct: sexual assault, disruptive behavior, and non-consensual sexual contact, all arising from the reporting individual's statements to the investigator. The matter proceeded to a hearing before the Conduct Board. The only witnesses at the hearing were petitioner, his suitemate, and the investigator. The investigator's brief testimony was based entirely on what he had been told by the reporting individual, who was notified of the hearing but did not appear. Although the reporting individual stated in initial messages she sent to petitioner via the dating app that she did not want to have sex with him again, she did not provide the investigator with the subsequent messages she sent to petitioner in which she agreed to come to his dorm room. Petitioner testified that he was unable to obtain those messages himself because his access to the dating app had been terminated as a result of a complaint from the reporting individual.
Petitioner acknowledged at the hearing that he had engaged in sexual intercourse with the reporting individual on March 4, 2023, but insisted that it was consensual. Petitioner's testimony was corroborated in part by testimony from his suitemate, who was in an adjoining room when the sexual activity took place. The testimony of the two men was not contradicted by any evidence at the hearing aside from hearsay statements of the reporting individual contained in the incident report.
After the hearing, the Student Conduct Office informed petitioner by letter that he had been found not responsible for sexual assault but responsible for the remaining two violations. The determination was affirmed on administrative appeal. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78.
CPLR 7803 (4) authorizes this Court to review "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" (see West, 159 AD3d at 1487). "Substantial evidence" is defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046 [2018]).
Under respondent's Code of Conduct, non-consensual sexual contact is defined as "[a]ny intentional sexual touching without consent and/or by force." Affirmative consent under the Code "is a knowing, voluntary, and mutual decision among all participants to engage in sexual activity," and "[c]onsent may be given by words or actions, as long as those words or actions create clear permission regarding willingness to engage in the sexual activity" (emphasis added).
In finding that petitioner engaged in non-consensual sexual contact, the Conduct Board determined that petitioner's testimony that the reporting individual verbally consented to sexual activity was not credible, because petitioner gave conflicting testimony with respect to when the reporting individual said the words that he interpreted as constituting verbal consent. Notably, [*3]the Conduct Board did not find any other parts of petitioner's testimony to be incredible. Petitioner testified without contradiction that the reporting individual initiated physical contact by touching his chest and stomach while he was sitting in a chair, and that she removed her own clothes without his assistance before she bent over and said "let's go." According to petitioner, the reporting individual never indicated that she did not want to continue having sex or that she wanted to stop. We conclude that such conduct constitutes affirmative consent under the Code of Conduct even if, as the Conduct Board found, the reporting individual did not verbally consent to sexual intercourse.
In the absence of testimony from the reporting individual, and accepting as true the portions of petitioner's testimony that were not rejected by the Conduct Board, we conclude that the determination that petitioner engaged in non-consensual sexual contact "was based on no evidence and, thus, comprised of nothing more than 'surmise, conjecture, [or] speculation' " (Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d 1182, 1183 [2d Dept 2019], quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). We therefore annul the determination, grant the petition, and direct respondent to expunge all references to this matter from petitioner's school record (see Matter of Doe 1 v State Univ. of N.Y. at Buffalo, 219 AD3d 1663, 1663 [4th Dept 2023]; West, 159 AD3d at 1487).
In light of our determination, petitioner's remaining contentions are academic.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court